## WALLACE v. FURBER.

MORTGAGE.—*Description of Premises by Reference to Another Instrument.—Record.—Notice to Junior Incumbrancer.—Sheriff's Sale.—A* certain mortgage on real estate described the same as "the one-half interest" in a certain specified tract, excepting "about" a specified number of acres embraced in such tract, as described in a deed for the portion excepted, theretofore executed to the mortgagor on a certain date by a third person named.

*Held*, in an action by such mortgagee against a junior mortgagee, for foreclosure, both mortgages having been duly recorded, that such description is sufficient.

*Held*, also, that a sheriff's sale of the whole tract, under such prior mortgage, could not affect the title to the part so excepted.

*Held*, also, that the record of such prior mortgage was notice to the defendant of the boundaries of such tract.

SAME.—*Foreclosure.—Evidence.—Contract.*—A contract between the mortgagor and a third person, pursuant to which the equity of redemption was conveyed to the latter, who assumed the payment of such prior mortgage, is not competent evidence against the plaintiff in such action.

SAME.—*Attorney Acting for Opposite Parties.—Cross Complaint.— Setting Aside Default.—Notice.*—In an action to foreclose a mortgage on real estate, by the mortgagee, against a junior encumbrancer and a purchaser of the equity of redemption, wherein the latter had made default and a cross complaint against him had been filed by such incumbrancer, such default was set aside, on motion, without exception, in the presence in court of such incumbrancer, and an answer to the cross complaint filed by the plaintiff's attorneys, and as the attorneys of such purchaser, whereupon such cross complaint and answer were docketed as a separate action.

*Held*, on motion by such encumbrancer to reject the answer of such purchaser and to have such default reinstated, that the appearance of such attorneys on behalf of both the plaintiff and such purchaser was neither improper nor inconsistent.

*Held*, also, that, such encumbrancer being in court, notice to him of the motion to set aside such default was unnecessary.

PRACTICE.—*Refusal to Hear Argument.*—Where all the points involved in a case have been argued before the close of the evidence, the court may refuse to hear further argument.

From the Marion Superior Court.

*R. Denny*, for appellant.

*W. Morrow, N. Trusler* and *J. A. Henry*, for appellee.

PERKINS, J.—Complaint by Furber against Thomas A. Goodwin and Andrew Wallace, for the foreclosure of a mortgage executed to said plaintiff August 4th, 1871, by Tabitha and Seth Bardwell, on a certain interest in real estate therein specified, which mortgage was duly recorded. Goodwin had purchased the equity of redemption in said real estate and assumed to pay the mortgage debt, and Wallace had junior liens on the real estate. Goodwin made default.

Issues were formed in the case on the part of Wallace, a trial had, and a decree rendered for the plaintiff. A

motion for a new trial by Wallace was overruled. A bill of exceptions, duly filed, presents to this court, among other matters, the evidence in the case. It consisted of various items, as follows:

1. The mortgage, with the notes secured thereby, of the Bardwells to the plaintiff. The mortgage was dated August 4th, 1871, and was recorded August 10th, 1871. It described one piece of the property mortgaged thus:

"The one-half interest in the following described real estate, to wit: The west half of the north-west quarter of section twenty-two, in township sixteen north, of range two east, except about twenty-eight acres described in the deed of Alfred Ross to Tabitha O. Bardwell, dated December 31, 1869."

The recording of said mortgage in due time was a fact admitted of record.

Defendant Wallace then gave in evidence his mortgage from the Bardwells upon the same property, executed September 12th, 1871, and recorded November 13th, 1871, accompanied by the notes, the payment of which the mortgage was executed to secure, and a copy of a decree of foreclosure of the same rendered February, 1873, in a suit against the Bardwells and Furber. He also gave in evidence a deed from the Bardwells to Goodwin, conveying to him the equity of redemption in the real estate, Goodwin assuming all incumbrances. This deed describes the property as it is described in the mortgage of the Bardwells to Furber, and was executed May 1st, 1873, and was duly recorded.

At the March term, 1873, says the record of the Wallace foreclosure suit above mentioned, "come the parties, said Furber by Morrow & Trusler, his attorneys, and said Wallace by Denny, his attorney, and the motion of said Furber to open the judgment heretofore taken against him is submitted to the court upon affidavits, and the

motion is sustained. Thereupon Furber paid ten dollars costs and filed his answer to the foreclosure suit of Wallace, and Wallace excepted." The record of this proceeding was given in evidence on the trial of the cause now before us.

Tabitha C. Bardwell testified: " Myself and husband executed the notes and mortgage to Mr. Furber. Never saw Mr. Furber; the business was all done with Mr. Goodwin. The notes have all been paid in this way. We let Mr. Goodwin have a deed to the land, and he was to pay Wallace and Furber. We didn't owe Goodwin anything. Since the deed he told me he had sent the notes to Furber. I told him I thought he had given them to my husband. He said my husband wasn't there, and he had returned the notes to Furber."

Seth Bardwell testified : " We executed the notes and mortgage sued on. Goodwin wrote to me for payment. I could not pay, and so concluded if Goodwin would take the land I would deed it to him. He agreed to do it and to pay Furber's claim, and we made him the deed according to agreement. The whole contract was in writing. It was contained in the correspondence above mentioned " (which was excluded by the court as aforesaid).

Defendant Wallace rests ; and the plaintiff, in rebutting, offered the following :

T. A. Goodwin testified: " When the note of May, 1873, came due, I notified Bardwell. He said he was not able to meet it, but would deed the land to me if I would pay off the mortgage. I learned of Wallace's mortgage and went to see him. I agreed to and did take the deed to myself, as it was made, under an arrangement with Wallace to take the title in that way for his, Wallace's, benefit, in trust for him and not for Furber. Wallace said he never knew of Furber's lien. Furber knew nothing of the arrangement between me and the Bardwells, and did not

authorize, or in any way at any time, consent to the arrangement. None of the notes were ever paid."

The deposition of Franklin Furber, plaintiff, was introduced, and allowed by the court to be read in evidence, over the objection and exception of the defendant Wallace, to wit:

" The said Franklin Furber, being duly sworn to testify the truth, the whole truth, and nothing but the truth, relating to said cause, deposes as follows :

" 1st. Who is the owner of the notes and mortgage in this case ?

" Answer. I am.

" 2d. Has any part of said notes and mortgage been paid ? if so how much ?

" Answer. None has been paid.

" 3d. Who, besides yourself, if any one, has owned said mortgage and notes at any time ?

" Answer. No one.

" 4th. What do you know, if anything, of a deed from Bardwell and wife to the defendant Thomas A. Goodwin, for the land described in your mortgage ?

" Answer. Nothing.

" 5th. What authority, if any, did you give to Thomas A. Goodwin, at any time to take a deed from Bardwell to you, or in his name for your benefit, for the land described in said mortgage ?

" Answer. None.

" 6th. What interest, if any, have you in the deed from Bardwell to Thomas A. Goodwin for the land described in your mortgage ?

" Answer. None.

" 7th. What interest, if any, have you in the land described in the mortgage from Bardwell to you, except what the mortgage describes.

" Answer. None.  FRANKLIN FURBER."

This deposition was duly authenticated.

The foregoing is all the evidence given in the cause.

The court declined to hear argument upon the merits of the cause, stating as the reason, "that the points involved had all been presented and argued to the court before the close of the evidence, and upon the making up of the issues, and all authorities examined," and thereupon rendered a final decree in the cause. Defendant Wallace moved a modification of the decree, which motion was overruled, and exception entered.

Thereupon said Wallace moved for a new trial for the following reasons:

1. The court allowed the plaintiff to give an improper item of evidence;

2. The finding and decree of the court were not sustained by the evidence;

3. Because they were contrary to law;

4. Because the court refused to hear argument on the merits of the cause, after the evidence had closed;

5. Because the court refused to hear a proper item of evidence.

The motion was overruled, and exception entered.

The cause was appealed from special to a general term of the superior court, in which the judgment at special term was affirmed.

It is assigned for error, on appeal in this court, that the superior court, in general term, erred in affirming the judgment rendered at special term.

We proceed to consider the grounds of the motion, in special term, for a new trial.

1. The defendant Wallace objected to the admission in evidence of the mortgage on which the suit was brought, because it did not particularly describe the twenty-eight acres excepted as being conveyed and described in the deed of Ross.

We think the court did not err in overruling the objection. The mortgage was not void for want of such description, nor was the part of it containing that description. The twenty-eight acres were described in the Ross deed. That was on record, accessible to all; and, whether on the record or not, a copy of it might follow the mortgage in evidence, thereby showing, upon the trial, the definite boundaries.

And, further, that conveyance being prior in date to the mortgage, the mortgage did not operate upon the land conveyed by the deed, and a sale on foreclosure of the mortgage would not affect the title to it; and Wallace might have shown the boundaries of the twenty-eight acres as properly as Furber. The record of Furber's mortgage gave him notice of them.

2. The finding and decree were not contrary to law.

3. The finding and decree were sustained by evidence.

4. Upon the facts, as stated by the court, which are not disputed, it does not appear that the refusal of the court to hear further argument was an abuse of discretion.

5. The item of evidence rejected was the correspondence between Goodwin and Bardwell, touching the sale and conveyance, by the latter to the former, of his equity of redemption in the mortgaged property. Its rejection was proper.

6. The question is several times raised in the record, touching the description of the lands conveyed by the deed to Ross. It is disposed of by what has been already said. Before the purchaser bought at the foreclosure sale on the mortgage, it would be for him to examine into the facts, and ascertain for himself, the description of the land in the deed, notice of the existence of such deed being furnished him by the mortgage itself.

7. The following entry is of record:

" The defendant Andrew Wallace now comes and

moves the court to reject all pleadings herein of the defendant Thomas A. Goodwin, the same having been filed by Morrow & Trusler and J. A. Henry as attorneys for said Goodwin, for the reason that in his complaint the plaintiff made said Goodwin a defendant herein, and said Morrow & Trusler and J. A. Henry, from the commencement of this suit, have been and still are the plaintiff's attorneys. Said Wallace further moves the court to reinstate the default taken against said defendant Goodwin, on said Wallace's cross-complaint herein, which default was set aside by the court April 7th, 1874, upon a motion submitted by the plaintiff's said attorneys without notice to Wallace, and which motion was not in writing, and was not supported by affidavit." Which motions the court overruled, to which action of the court said Wallace excepted.

The following is the entry of the setting aside of the default mentioned in the above motion:

" Comes now Wallace by counsel, and the default heretofore taken against Thomas A. Goodwin on cross-complaint of Wallace is set aside, and thereupon said Goodwin files a demurrer thereto."

He filed afterward other pleadings looking to issues on the cross-complaint of Wallace, which cross-complaint the court ordered docketed as a separate action.

The court overruled the motion of Wallace above copied.

If Wallace was present in court when the motion was made and acted upon, it rendered formal notice, etc., to him unnecessary. The record shows that the default was set aside, as it well might have been on his motion.

That part of the motion which sought to set aside the pleadings of Goodwin to the counter-claim of Wallace, because filed by the attorneys of the plaintiff in the original suit, was not necessarily erroneously overruled. The simple fact that Morrow, Trusler and Henry were attor-

neys against Goodwin in the suit of Furber to foreclose a mortgage, did not necessarily render them incompetent to act as attorneys for Goodwin in a suit by Wallace against him. If the claims in the two proceedings were of separate and distinct natures, so that the employments of Morrow, Trusler and Henry did not place them upon opposite sides of the same or cognate questions, they might be so employed. Such was the fact. The question between Furber and Goodwin had no relation to the question between Wallace and Goodwin. Goodwin made default upon the claim of Furber. He denied the claim of Wallace, which was in no way connected with that of Furber.

Some other points are made, but they are immaterial. We discover no error in the record.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.