Leake *v.* Ball *et al.*

No. 13,265.

LEAKE *v.* BALL ET AL.

CONTRACT.—*Insurance Policy.*—*Assignment.*—*Consideration.*—*Promise to Pay to Third Person.*—*Statute of Frauds.*—A promise, made in consideration of the assignment to the promisor of a life insurance policy, to pay to a third person a debt due from the assignor, is valid, and not within the statute of frauds.

SAME.—*Payment.*—*Time of Making.*—In the absence of an agreement that the debt is not to be paid until after the death of the insured, it is payable at once.

SAME.—*Rescission.*—*Tender.*—The assignee of the policy can not avoid his promise to pay the stipulated consideration without returning or tendering the policy.

SAME.—*Contract Must be Repudiated as a Whole.*—A contract can not be affirmed in part and rejected in part; it must be repudiated totally or not at all.

From the Vigo Circuit Court.

*C. F. McNutt* and *S. B. Davis*, for appellant.

*L. D. Leveque* and *T. W. Harper*, for appellees.

ELLIOTT, J.—It is alleged in the complaint of the appellees that James Hook became indebted to Vigo Encampment, No. 17, of the Independent Order of Odd Fellows; that to secure this debt he executed a promissory note, and that the appellees became his sureties thereon; that at the time the note was executed by the appellees, Hook assigned to them a policy of insurance held by him in the Odd Fellows' Mutual Aid Association, to indemnify them against loss; that the value of the policy at the time of this assignment was twenty-five hundred dollars; that judgment was subsequently obtained on the note executed by Hook and the appellees; that Hook was indebted to Leake, the appellant, and with the consent of the appellees executed to him the following assignment of the policy of insurance: "For value received I assign this policy to J. P. Leake to secure a note

·of $1011, dated January 7th, 1884. · Leake is to assume and pay the money due the Encampment, on which Ball and Harper are sureties. After paying himself the amount of the note and interest, and money paid on the lodge claim above mentioned, the balance to go to the family of Hook."

It is further alleged that the appellees were compelled to pay the judgment obtained against them; that Leake accepted the assignment and policy, and still retains the policy; and that he has not paid the debt due the Encampment.

The promise of Leake is not within the statute of frauds. He obtained a thing of value, and instead of promising to pay the consideration directly to the party with whom he ·contracted, promised to pay it to a third person. He promised to pay his own debt by paying the creditor of the party with whom he contracted, for what he promised to pay was part of the consideration he agreed to pay for the policy. It was none the less his own debt that he promised to pay, because the person with whom he dealt, instead of requiring that the money be paid to him, required that it be paid to a third person. We need not, however, discuss the question at length, for the law, as many decisions assert, is decisively against the appellant. *Wolke* v. *Fleming*, 103 Ind. 105; *Windell* v. *Hudson*, 102 Ind. 521; *Louisville, etc., R. W. Co.* v. *Caldwell*, 98 Ind. 245; *Rodenbarger* v. *Bramblett*, 78 Ind. 213; *Indiana Mfg. Co.* v. *Porter*, 75 Ind. 428; *Campbell* v. *Patterson*, 58 Ind. 66; *McDill* v. *Gunn*, 43 Ind. 315; *Davis* v. *Calloway*, 30 Ind. 112; *Day* v. *Patterson*, 18 Ind. 114.

The case before us is stronger than any of the cases cited, for here the appellees were the holders of an interest in the property transferred to the appellant.

There was a consideration for Leake's promise—the assignment of the policy to him. The assignment of a policy of insurance is a valid consideration for a promise. It is not material whether the consideration moved from the appellees or from Hook; it is sufficient if Leake obtained the consid-

Leake *v.* Ball *et al.*

eration for which he contracted.   It appears, however, that a consideration moved from the appellees as well as from Hook, for they consented to the assignment, and yielded their prior rights.

The promise of Leake is to pay the debt due the appellees at once.   There is nothing in the agreement warranting the conclusion that he was not to pay until after Hook's death.

The answer charges that the promise of the appellant was obtained by the fraud of one of the appellees.   Several objections are urged against the answer by the appellees, but we deem it necessary to consider only one of them.   The objection that the answer does not tender back the policy nor offer to return it, is fatal.   The appellant can not avoid his promise and still retain the policy.

It is said by counsel that the appellant has an equitable interest in the assignment, and from this their conclusion is that he has a right to retain the policy and still avoid his contract.   This argument is plainly fallacious.   A contract can not be affirmed in part and rejected in part; it must be totally repudiated or not repudiated at all.   The appellees had a right to the policy under the prior assignment, and this right must be fully restored to them or the appellant must pay what he agreed to pay in his contract with them and their debtor.

Judgment affirmed.

Filed Sept. 20, 1888; petition for a rehearing overruled Nov. 27, 1888.