Stevens v. Flannagan et al.

Filed April 6, 1892.

No. 15,452.

## STEVENS v. FLANNAGAN ET AL.

DEED.—*Sufficiency of Description of Land in Deed or in a Contract for a Deed.*— The description of land in a deed is sufficient if it furnishes the means by which the land can be identified; and for that purpose another instrument referred to in the deed may be considered as a part thereof. That which would be a sufficient description of the land in a deed is sufficient in a contract for a deed.

SAME.—*Use of Word "Heirs" of Living Person.*—Where the word " heirs " is used in a deed or a contract for the conveyance of land, coupled with other explanatory words showing that it was the intention by the use to designate or describe a class of persons rather than that it should receive its strict, technical interpretation, the courts will give to it a construction conforming to the manifest purpose of the parties.

SAME.—*Purchase-Money to be Paid After Vendor's Death to Vendor's Heirs.*— *Right of Administrator to.—Interest.*—A contract, followed by proper conveyances, for the sale of land, conditioned that the vendor is to receive back from the vendee a deed conveying to him a life-estate in the land sold, and that the vendee is to pay the purchase-money, in certain instalments, after the death of the vendor, to the vendor's " heirs " (or children), is no part of the assets of the vendor's estate, and his administrators are not entitled to any part of it (unless the estate be insolvent). Such a contract draws interest from the time the payments were to have been made.

VENDOR.—*Enforcing Lien of.—Insolvency of Vendee.*—A vendor's lien may be enforced without reference to the insolvency of the purchaser.

CONTRACT.—*Contemporaneous Parol Contract Modifying Written Contract.*—If a contract is reduced to writing, it can not be shown that there was a contemporaneous parol contract modifying the written contract.

SAME.—*Beneficiary.—Contract not Delivered to.—Right to Maintain Action on.* —A beneficiary of a contract may demand its performance and enforce it by suit without a delivery of such contract to him.

ACTION.—*Right of Beneficiary to Sue on Contract to which he is not a Party.*— The beneficiary of a contract may maintain an action thereon in his own name, although he is not a party thereto.

PRACTICE.—*Striking Out Interrogatories.*—It is not error to strike out irrelevant interrogatories addressed to the opposite party, nor matters about which there is no dispute.

From the Fayette Circuit Court.

*J. W. Conoway* and *T. D. Evans,* for appellant.

*L. H. Stanford,* for appellees.

McBRIDE, J.—The appellant entered into a written contract with his father, William Stevens, of which the following is a copy:

"This agreement made this 2d day of August, 1877, by and between William Stevens and Sampson Stevens of Union county, in the State of Indiana, witnesseth: The said William Stevens on his part agrees, in consideration of the sum of fourteen thousand dollars, to be paid by the said Sampson R. Stevens, as hereinafter mentioned, to sell and convey unto the said Sampson R. Stevens about two hundred and thirty-four and $\frac{50}{100}$ acres of real estate, situated in Union county, in the State of Indiana. A more particular description thereof will be found at page 213 of deed record five, in the recorder's office of said county, being record of deed executed August 16th, 1835, by John Harlan and wife to William Stevens, and also in deed record O, at page 317, in the records of said county, being the first tract of land described in deed then recorded, executed by William Stevens *et al.* to Rudolph Whitmore. And the said Sampson R. Stevens, on his part, hereby agrees, in consideration of the conveyance to him of said real estate as aforesaid, to pay therefor the sum of fourteen thousand dollars as follows, to wit: Five thousand dollars to the heirs at law of said William Stevens within one year after the decease of

the said William, and the sum of twenty-two hundred and fifty dollars annually thereafter to said heirs, without interest for four years, until the residue of said $14,000 is fully paid, all without relief from valuation or appraisement laws: *Provided*, however, that if Nancy Stevens, the wife of said William Stevens, shall survive him, then said $5,000, first above mentioned, only, shall be paid by the said Sampson R. Stevens within one year after the death of said William Stevens to his heirs as aforesaid (excluding the said Nancy Stevens), and the residue of $9,000 shall not become due and payable until the death of the said Nancy Stevens; upon the happening of which event the said Sampson R. Stevens shall, within one year thereafter, pay $2,250, and the same amount annually thereafter until the whole is paid. The said Nancy Stevens is to take no part of said money, as she is provided for hereinafter. The said Sampson R. Stevens is himself one of the heirs, and shall have the right to retain his portion of the said $14,000, *pro rata*, in the order of the payment as aforesaid, and this right shall enure to his heirs, administrators and assigns, no matter which of the said persons (the said William Stevens or his wife Nancy) shall die first. And the said Sampson R. Stevens further agrees, in consideration of the conveyance to him of said real estate, as aforesaid, by said William Stevens, and his wife Nancy Stevens, to reconvey the same to him for and during the term of his natural life, with remainder over to his wife the said Nancy Stevens for and during the term of her natural life, with reversion over in fee simple to the said Sampson R. Stevens and his heirs forever. And in case the said Nancy Stevens shall die before the said William Stevens, her husband, then at his death said real estate shall revert to said Sampson R. Stevens and his heirs in fee simple forever. In witness whereof," etc.

This suit was brought by certain of the children of said William Stevens, upon the contract, to collect the portion of the purchase-money due, and to have declared and en-

forced a vendor's lien for the same on the land.   A copy of the contract was filed with the complaint as an exhibit.

All of the children were made parties, either plaintiff or defendant.   The complaint avers full performance of the contract except the payment of the purchase-money.   It is averred that both William Stevens and his wife are dead, the wife having died first, and that the $5,000 payment provided for is due and the said purchase-money is all unpaid. The complaint also contained a full description of the land. The court overruled a demurrer to the complaint, and the appellant excepted.   The appellant filed an answer in abatement, showing that an administrator had been duly appointed for the settlement of the estate of said William Stevens, and was then actively discharging that duty; that he had, as such administrator, inventoried said contract as a portion of the assets of the estate, and that the appellants have paid a portion of the sum due on the contract to the administrator, who was not joined as a party to the litigation. The court sustained a demurrer to this answer and the appellant excepted.   An answer in bar was filed in seven paragraphs.   No question is made except on the third, fifth, sixth and seventh paragraphs.   The third paragraph of answer pleads payment to the administrator.   The fifth paragraph alleged the death of William Stevens, testate, contest of his will, which contest was still pending, and the appointment of an administrator, who was engaged in the settlement of the estate; that the estate was indebted in a large amount; that the administrator had taken possession of and inventoried as a part of the assets of the estate the contract sued on, and had collected from appellant the $5,-000, constituting the first payment, and all that was then due, and that further administration in the estate was necessary.

The sixth paragraph alleges that the contract was never delivered, or its delivery ever authorized, by said William

Stevens to any of his heirs, nor to defendant, and that when it was executed said William Stevens had no heirs.

The seventh paragraph rests upon an alleged contemporaneous parol agreement, or understanding, between the parties to the contract, the effect of which would be to require an accounting among the beneficiaries, and an allowance for alleged advancements to several of them.

Demurrers were sustained to all of these answers, and these rulings, as well as the rulings on the demurrer to the complaint, and the plea in abatement, are assigned as error.

The appellant insists that the complaint is bad because the contract contains no description of the land, and is, for that reason, void. So far as this objection is concerned, the ruling of the trial court may be sustained upon several grounds. It is, however, only necessary to refer to two or three familiar and elementary propositions which amply vindicate its correctness. That is certain which may be made certain.

The description of land in a deed is sufficient if it furnishes the means by which the land can be identified. *Rucker* v. *Steelman*, 73 Ind. 396; *Scheible* v. *Slagle*, 89 Ind. 323; *Thain* v. *Rudisill*, 126 Ind. 272.

If the deed refers to another instrument for the purpose of identifying the land, the contents of such instrument are to be considered as part of the deed. *German, etc., Ins. Co.* v. *Grim*, 32 Ind. 249; *Wallace* v. *Furber*, 62 Ind. 103.

That which would be a sufficient description of the land in a deed is sufficient in a contract for a deed. The references in the contract to the recorded deeds are sufficient to require that they be read in conjunction with the contract.

It is not claimed that the descriptions in the recorded deeds were not full and complete.

The appellant also insists that the complaint is bad because it does not aver the insolvency of the appellant. Such averments were not necessary. A vendor's lien may be declared or foreclosed without reference to the insolvency of the debtor. The authorities cited lend no support to the con-

tention of the appellant. They only hold that the vendor's lien is not an original and absolute charge on the land, but only an equitable right to resort to it in case there be not sufficient personal estate. *Martin* v. *Cauble*, 72 Ind. 67 (75), and cases cited.

The demurrers to the plea in abatement, and to the third and fifth paragraphs of answer, present the same question.

The appellant contends that the claim for purchase-money belonged to the estate, and was properly inventoried by the administrator, and might properly and legitimately be paid to him. As we understand his argument, it is, in effect, that while the contract, in terms, provides for payment to the heirs of William Stevens, he could, while living, have no heirs; that no one could acquire any vested interest in it until after his death, for the reason that his heirs could not be known until that time; and that of necessity, therefore, it belonged to him until his death, his possible heirs having a mere contingent interest therein until that time.

While it is true that the word "heirs" has, in law, a fixed and technical significance, and a man can not, in that sense, while living, have heirs, it is clear to our minds that as used in this contract the word was not used in that sense. The aim of courts, in the construction of contracts, should be to ascertain and enforce the intention of the parties. The word "heirs" may be, and frequently is, construed to mean children, when it is plain that it was used in that sense. This frequently occurs in the construction of wills. *Shimer* v. *Mann*, 99 Ind. 190, and authorities cited; *Jones* v. *Miller*, 13 Ind. 337; *Rapp* v. *Matthias*, 35 Ind. 332.

The rule, however, is not limited to the construction of wills.

Where in a deed or contract for the conveyance of land the word "heirs" is used, coupled with other explanatory words showing that it was the intention by its use to designate or describe a class of persons rather than that it should receive its strict, technical interpretation, the courts will

give to it a construction conforming to the manifest purpose of the parties. This question is fully considered in the case of *Fountain, etc., Co.* v. *Beckleheimer*, 102 Ind. 76.

The contract recites that "The said Sampson R. Stevens *is himself one of the heirs.*" This is entirely consistent with the construction which treats the word "heirs" as descriptive of a class of persons then in being, and then capable of being ascertained and designated with certainty. It is, however, inconsistent with the idea that the parties were referring to the heirs proper, who could have no existence as such until after the death of William Stevens. The contract also secures to him, and to his heirs, administrators, etc., the right to deduct and retain from each separate payment of the purchase-money his *pro rata* share of the purchase-money, whether he survive the father and mother or not. This he or they could do if the construction to which we incline is adopted. It could not be done if the other contention prevails, as in that case his share could not be known until the estate was finally settled and distribution made. In our opinion the estate has no interest in or claim upon the contract, or the purchase-money. The administrator had no right to inventory or take possession of it as an asset. Payment to him was unauthorized, and is not a defence.

It is not claimed that the estate is insolvent, or that the disposition of the property in any manner operated to the prejudice of creditors. If such facts were shown a very different question would be presented. What we have said is decisive of the questions arising on the sixth paragraph of answer.

The seventh paragraph, resting as it necessarily does on an alleged cotemporaneous parol modification of the contract, materially modifying its terms, is so clearly bad that no elaboration is necessary.

It is also contended that the appellees can not maintain the action against the appellant because there is no privity

of contract between them.   Before the adoption of the code, when law and equity were administered by separate tribunals, privity of contract was essential to the maintenance of an action at law, but in equity a promise of one person to another for the benefit of a third could be enforced by the latter in his own name.   Under our present practice the right of the third person to maintain his action in his own name has been uniformly recognized.   *Carnahan* v. *Tousey*, 93 Ind. 561, with authorities there cited; *Leake* v. *Ball*, 116 Ind. 214, and many other cases.

The conditions of the contract, so far as William Stevens was concerned, were fully performed by the conveyance of the land.   The appellant thereby obtained the full consideration for his promise to pay the purchase-money.   It was competent for them to agree upon any person to whom the purchase-money should be paid.   So far as the rights of the appellees are concerned, there can be no material difference between their rights under this contract and their rights as they would have been if, instead of evidencing the agreement to pay by the written contract, Sampson R. Stevens had executed his notes for the several sums due the several parties direct to them.

The only thing remaining to make performance of the contract complete was the rendition of the agreed consideration.   The law recognizes the right of the beneficiaries to demand performance without the formality of any delivery of the contract to them.   In equity they are its holders without that formality, and, as such, they are also possessed of the equitable right to have the vendor's lien declared and enforced.   *Shanefelter* v. *Kenworthy*, 42 Ind. 501.

The appellant filed interrogatories with his answers, and asked that the other parties to the litigation, both plaintiff and defendant, be required to answer them under oath.   On motion the court struck them out.   The appellant complains of this ruling.

The statute, section 359, R. S. 1881, authorizes the filing of interrogatories, relevant to the matter in controversy, and the party filing them may require " the opposite party to answer them under oath." Whether the fact that the interrogatories in this case, instead of being addressed to the opposite party, are addressed to all the other parties, both plaintiff and defendant, would afford ground for striking them out, need not be decided. It is enough to say that with the possible exception of three they were not relevant to any matter in controversy, as they relate to advancements assumed to have been made to certain of the heirs. The three, which possibly relate to matters involved, relate to matters about which there is no dispute. There was no error in striking them out sufficient to justify a reversal. The error, if any, was harmless.

The appellant also contends that his motion for a *venire de novo* should have been sustained, because the court made no finding as to advancements, and as to amounts paid to the administrator by the appellant. As neither of these matters was legitimately within the issues, it is not necessary to consider whether, if they were, the alleged errors could be reached by this motion.

Several other questions are discussed, but they are all covered by what we have heretofore said, except the complaint that the court erred in allowing interest. This was not error.

Judgment affirmed, with costs.

Filed April 6, 1892.