BUSCHER ET AL. v. VOLZ ET AL.

[No. 3,189.   Filed October 25, 1900.]

PLEADING.—*Parties.*— *Cross-Complaint.*—A cross-complaint by part of defendants, in an action on a promissory note, against the other defendants to recover from cross-defendants certain attorney's fees for which cross-plaintiffs were liable, and which cross-defendants by way of compromise and settlement of the original action had agreed to pay, is bad on demurrer, since the matters alleged therein are not germane to the complaint, and do not in any way affect the subject-matter of the original action.

From the Tipton Circuit Court. . *Reversed.*

*J. R..Coleman, G. H. Gifford* and *M. T. Sheil,* for appellants.

*J. M. Fippen* and *J. M. Purvis,* for appellees.

WILEY, J.—Appellants and appellees were partners, doing business in the name of. The Citizens Gas and Oil Company of Atlanta, Indiana. Said company, or firm, as it is designated in the record, became indebted to one Martz on a promissory note executed by appellant Buscher as president, and when said note became due the payee brought an action thereon against all the members of said firm. Five of the defendants to that action appeared, employed counsel, and made defense. The cause, was put at issue and set for trial December 3, 1898. Prior to that date, by an arrangement between the members of the partnership and the plaintiff, the case was compromised. The .day before the case was set for trial, to wit, December 2, 1898, the five members of the firm who made a defense to the original action filed a cross-complaint against their codefendants, appellants here, numbering sixty-one in all, to recover from them $15 for attorneys' fees for which they were liable to the attorneys whom they had employed, and which the cross-complaint avers appellants agreed to pay. These facts all appear in the cross-complaint. The cross-complaint avers

that appellees paid to the appellants certain sums of money, being in the aggregate $69.50, and then follow these averments: "And by way of compromise and in consideration of the said amount by cross-plaintiffs, cross-defendants then and there agreed, promised, and contracted to pay to Fippin and Purvis an attorney fee of $15, contracted by cross-plaintiffs in their said defense as against William Martz' cause of action, said payment to be made before the day this cause was set for trial, and cross-complainants agreed as a part of said consideration that Gifford and Coleman, attorneys for cross-defendants, should be paid by said firm also." The cross-complaint avers a refusal and failure to pay, and demands judgment.

Appellants demurred to the cross-complaint for want of facts; the demurrer was overruled and exceptions reserved. The cause was put at issue by answer and reply, and tried by jury, resulting in a verdict and judgment for appellees. Appellants' motion for a new trial was overruled.

By the assignment of errors, the overruling of the demurrer to the cross-complaint and the motion for a new trial are before us for review.

The original complaint under which the cross-complaint was filed is not in the record, and all we know about it is what is stated in the cross-complaint. From this, we are advised that the original complaint declared upon a promissory note executed by the president of "The Citizens Gas and Oil Company of Atlanta," to one William Martz, for borrowed money for the use and benefit of the company. Martz sued all the members of the company, or firm, upon this note, and the firm was composed of cross-plaintiffs and cross-defendants. The cross-complaint avers that, pending that action, the cross-plaintiffs appeared, employed counsel, and prepared to defend; that a compromise was made between cross-plaintiffs and cross-defendants, by which the Martz note was to be paid, and that cross-defendants agreed

to pay Fippin and Purvis the attorneys' fee contracted by cross-plaintiffs.

Our first inquiry will be directed to the sufficiency of the cross-complaint, and this suggests an investigation as to the nature and object of such a pleading. Our code does not provide for a cross-complaint, but the chancery practice of determining the rights of the parties on each side of a case is recognized by our decisions, and in such cases the rules of pleading and practice of chancery courts, as modified by the spirit of the code, govern. *Heaton* v. *Lynch,* 11 Ind. App. 408. A cross-complaint, under the code system of practice, is in its nature and object substantially equivalent to the cross-bill in equity, so far as that pleading is used to obtain affirmative relief. 5 Ency. Pl. & Pr., 674. It is a rule of chancery practice followed in the federal courts and most of the state courts that matters set up in a cross-bill must be germane to the matters involved in the original bill of complaint. 5 Ency. Pl. & Pr., 640, and cases there cited. Of the many states where this rule is followed, we cite the following: Alabama, Arkansas, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kentucky, Massachusetts, Michigan, etc.

It is also the rule well grounded by the authorities, that the new facts which it is proper for a defendant to introduce into a pending litigation by means of a cross-bill are such and such only as are necessary for the court to have before it in deciding the questions raised in the original suit, to enable it to do full and complete justice to all the parties before it, in respect to the cause of action upon which the complainant rests his right to aid or relief. If a defendant, in filing a cross-bill, attempts to go beyond this and to introduce new and distinct matter not essential to the proper determination of the matter put in litigation by the original bill, although he may show a perfect case against the complainant or one or more of his codefendants, his pleading will not be a cross-bill but an original matter.

*Krueger* v. *Ferry,* 41 N. J. Eq. 432, 5 Atl. 452; *Galatin* v. *Erwin,* Hopk. Ch. (N. Y.) 48; *Carpenter* v. *Gray,* 37 N. J. Eq. 389; *Andrews* v. *Kibbee,* 12 Mich. 94; *Farmers, etc., Bank* v. *Bronson,* 14 Mich. 360. And in such case no decree can be rendered on such new matter. See 5 Ency. Pl. & Pr., 641, and note 2. And, as under the code practice, so in jurisdictions where cross-complaints are authorized by statute, or recognized by the practice, the relief sought by the cross-complaint must affect, or be affected by, the subject-matter of the action, or relate to or depend upon the contract or transaction upon which the action was instituted affecting the property to which the action relates. 5 Ency. Pl. & Pr., 674. See, also, 5 Ency. Pr. & Pl., 678, and authorities there cited.

In *Williams* v. *Boyd,* 75 Ind. 286, it was held that the cause of action set forth in a cross-complaint must arise upon or grow out of the cause of action stated in the original complaint, and not be independent thereof. See, also, *Washburn* v. *Roberts,* 72 Ind. 213; *Heaton* v. *Lynch,* 11 Ind. App. 408; *Sterne* v. *Bank,* 79 Ind. 560; *Hunter* v. *McLaughlin,* 43 Ind. 38; *Pool* v. *Davis,* 135 Ind. 323; *Eve* v. *Louis,* 91 Ind. 457, 469; *Maning* v. *Gasharie,* 27 Ind. 399.

It is a plain proposition from the allegations of the cross-complaint that the matter therein sought to be determined between cross-plaintiffs and cross-defendants (they all being defendants in the original action) are not germane to the complaint, nor do such matters in any way affect the subject-matter of the original action.

Another objection to the cross-complaint is that it declares upon a promise of the cross-defendants to pay to Fippin and Purvis an obligation of the cross-plaintiffs incurred by them in the employment of Fippin and Purvis as their attorneys in the original action. It is not alleged that the cross-plaintiffs had discharged their obligation to their attorneys by payment of the fee agreed upon, and it neces-

sarily follows that they have not been damaged by the failure of the cross-defendants (appellants) to pay. A judgment of recovery by appellees against appellants would not bar an action by Fippin and Purvis against appellants on their promise, for two reasons: (1) They were not made parties to the cross-complaint, and hence their rights could not be adjudicated in such proceeding; (2) because the rule is firmly settled in most of the states that a third party for whose benefit a contract is made may sue upon it in his own name. This rule has found favor in this State in many cases.

In *Clodfelter* v. *Hulett*, 72 Ind. 137, on p. 141, it was said: "It has been many times decided that a promise made by one to another, from whom the consideration moves, for the benefit of a third, may be sued on by the party for whose benefit the promise was made." See, also, *Raymond* v. *Prichard*, 24 Ind. 318; *Davis* v. *Calloway*, 30 Ind. 112; *Josselyn* v. *Edwards*, 57 Ind. 212; *Campbell* v. *Patterson*, 58 Ind. 66; *Carter* v. *Zemblin*, 68 Ind. 436; *Fisher* v. *Wilmoth*, 68 Ind. 449; *Stevens* v. *Flannagan*, 131 Ind. 122; *Leake* v. *Ball*, 116 Ind. 214; *Carnahan* v. *Tousey*, 93 Ind. 561.

By this cross-complaint appellees seek a recovery against appellants on their own promise to pay Fippin and Purvis. Suppose they succeed, collect the judgment, and then fail to pay the money over to the beneficiaries. True this would not cancel their primary liability to Fippin and Purvis, nor would it relieve appellants from liability under their promise. An elaboration of this proposition would be useless.

The court erred in overruling the demurrer to the cross-complaint. This conclusion makes it useless to review the ruling on the motion for a new trial. Judgment reversed, and the court below is directed to sustain appellants' demurrer to the cross-complaint.

Henley, J., not present.