## ADAMS ET AL. *v.* ALEXANDER, ADMINISTRATOR.

[No. 19,616.    Filed June 27, 1902.]

DEEDS.—*Life Estate.*—*Remainder.*—*Construction.*—Upon the death of the father, intestate, the children quitclaimed their two-thirds interest in certain real estate to their mother for the term of her life conditioned that the mother would not convey or encumber the same, and would pay all the debts of her husband, and that at her death all of said real estate should go to the heirs of herself and husband. The mother by a writing, which was a part of the deed, and which was duly acknowledged, accepted the same and agreed to be bound by its conditions. *Held,* that the deed operated as a conveyance to their mother for her life of the two-thirds held by the children, and as a conveyance to them of her one-third, subject to an estate for her own life therein.

From Marion Circuit Court; *Vinson Carter,* Special Judge.

Petition by Melville C. Alexander, administrator of the estate of Cynthia F. Lankford against Eliza J. Adams and others to sell real estate. From a judgment for plaintiff, defendants appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*A. F. Denny,* for appellants.

*H. E. Negley, J. A. Pritchard* and *D. A. Myers,* for appellee.

DOWLING, C. J.—Cynthia F. Lankford died July 11, 1899, intestate, and owing debts. The appellee, as the administrator of her estate filed his petition in the Marion Circuit Court for an order to sell the undivided one-third of a tract of land in said county, if the court should find that the intestate was the owner thereof. The appellants, who were children and grandchildren of the intestate, or their grantees, and the husbands and wives of such of them

as were married, were made defendants. The answer of the appellants denied the matters stated in the petition, and set up title in themselves. A demurrer to the affirmative answer was sustained. The cause was tried by the court, and a special finding of facts was made, with conclusions of law thereon. Exceptions by the appellants to each conclusion of law, and judgment for the appellee.

The principal question presented on this appeal is whether the intestate, by the instrument set out in the petition, conveyed to the appellants, or to some of them, her one-third interest in the land described. The instrument referred to is in these words: "This indenture witnesseth, that William R. Lankford and Mila Lankford, his wife, of Hamilton county; Eliza J. Adams and Woodford H. Adams, her husband, of Shelby county; Elizabeth Lankford, of Marion county; Nancy M. Sargeant and Oliver D. Sargeant, her husband, of Hamilton county; Thomas W. Lankford and Ida B. Lankford, his wife, of Marion county; Sarah F. Alexander and Melville C. Alexander, her husband, of Marion county,—and all of the State of Indiana; Martha E. Nelson and William H. Nelson, her husband, of St. Louis county, Missouri; Charles W. Lankford, of Marion county, Indiana, and Louisa B. Lankford, of Marion county, Indiana, release and quitclaim to Cynthia F. Lankford, of Marion county, Indiana, the following real estate in Marion county, in the State of Indiana, to wit: East half and south half of the west half of the southwest quarter of section sixteen, township sixteen, range four, containing 120 acres, to have and to hold during her natural life, and no longer; the consideration of said release and quitclaim being the agreement made by said Cynthia F. Lankford, and hereinafter set out; and the said Cynthia F. Lankford, in consideration of the above, and by the acceptance of this deed, *expressly agrees* that she will not in any way, directly or indirectly, encumber or convey any of said real estate, or suffer the

Adams *v.* Alexander.

same to be encumbered or conveyed, and that she will pay all taxes thereon accrued or hereafter to accrue, and that she will pay all of the indebtedness against the estate of her deceased husband, Thomas Lankford, and that at her decease all of said realty shall go and belong to the heirs at law of said Thomas Lankford and Cynthia F. Lankford, according to the laws of descent. It is hereby declared that the object of this instrument is to permit the said Cynthia F. Lankford to enjoy the possession and benefits of all of said estate during her natural life, and at the expiration thereof all of the same to go to said heirs at law. In witness whereof the said William R. Lankford, Mila Lankford, Eliza J. Adams, Woodford H. Adams, Elizabeth Lankford, Nancy M. Sargeant, Oliver D. Sargeant, Thomas W. Lankford, Ida B. Lankford, Sarah F. Alexander, Melville C. Alexander, Mary C. Miller, Jacob Miller, Martha E. Nelson, William H. Nelson, Charles W. Lankford, and Louisa B. Lankford have hereunto set their hands and seals this 7th day of June, 1883."

Here follow the signatures of William R. Lankford, etc., by each of whom the instrument was properly acknowledged before a notary public. Just below the certificates of acknowledgment is this agreement: "I accept this deed according to the conditions contained therein. Cynthia F. Lankford (X her mark). Subscribed and acknowledged by the said Cynthia F. Lankford before me, a notary public within and for Marion county, and the State of Indiana, this 7th day of June, 1883. John W. Bowlus, notary public."

The case is argued with great learning by counsel on each side, and we are referred to many authorities, ancient and modern, in support of their views. The rules by which we are to be governed in giving a construction to the instrument before us are clearly stated in the decisions of this court. It is said in *Davenport* v. *Gwilliams,* 133 Ind.

142, 145, 22 L. R. A. 244, that, "A deed should, if possible, be so construed that some effect will be given to it. It will be assumed that the parties did not intend that it should be a nullity, and did intend that it should be operative. It will be upheld rather than defeated." *Cates* v. *Cates,* 135 Ind. 272; *Spencer* v. *Robbins,* 106 Ind. 580; *Grigsby* v. *Akin,* 128 Ind. 591, 594.

We do not think the instrument is testamentary in its character, but believe it may fairly be construed as a deed. It has all the formalities of a deed, and it is evident that the parties intended it for a deed. The words, "and that at her decease all of said realty shall go and belong to the heirs at law of Thomas Lankford and Cynthia F. Lankford, according to the laws of descent," do not necessarily render the instrument testamentary. Similar recitals have been 'held to operate only as indicating that the grantee's use and enjoyment of the realty would not begin under the deed until after the death of the grantor. *Wilson* v. *Carrico,* 140 Ind. 533, 49 Am. St. 213, and cases cited.

*Kelley* v. *Shimer,* 152 Ind. 290, 291, states that, "The general rule laid down by the authorities is that a declaration that a deed shall not go into effect until the death of the grantor does not give it a testamentary character. Jones' Law of Real Property in Conveyancing, §527, and cases cited in notes. The cases decided by this court hold that recitals in deeds substantially the same as those in this case did not render such instruments testamentary in character, but that they conveyed an estate in fee simple when the instruments were executed, and that the only effect of such recitals was to reserve a life estate to the grantor, and thus postpone the possession of the grantee until after the death of the grantor."

The effect of the deed, as we think, is to reserve a life estate to Cynthia F. Lankford, and to convey the remainder in fee of the undivided one-third of the tract owned by her to the grantees. But even if the conveyance of the re-

Adams *v.* Alexander.

mainder is not to take effect until the death of Cynthia F. Lankford, it is valid under the statute which expressly provides that a freehold estate may be created to commence at a future day. §3379 Burns 1901, §2959 R. S. 1881 and Horner 1901; *Wilson* v. *Carrico, supra; Kelley* v. *Shimer, supra; Borgner* v. *Brown,* 133 Ind. 391, 394. The words "the said Cynthia F. Lankford, in consideration of the above, and by the acceptance of this deed, expressly agrees that * * * at her decease all of said realty *shall go, and belong to* the heirs at law of said Thomas Lankford and Cynthia F. Lankford," are sufficient to convey a remainder in fee. Considerable latitude is allowed in the creation of a remainder. It may be limited in the *habendum,* although not mentioned in the premises of the deed. *Wager* v. *Wager,* 1 S. & R. 373; *Wommack* v. *Whitmore,* 38 Mo. 448. The word "remainder" need not be used. *Wager* v. *Wager, supra.*

In *Prior* v. *Quackenbush,* 29 Ind. 475, a deed was made "to C and her heirs forever," and contained above the signature of the grantor the following clause: " 'N. B. Now, the foregoing * * * is * * * with this express condition, that foregoing described piece or parcel of land shall at the death of said *Catherine Roe,* be forever thereafter in Elizabeth Stewart and Louisa Stewart, and that they, the said Elizabeth and Louisa, are the only heirs contemplated in the foregoing deed.' " It was held that these words were sufficient to convey an estate in remainder, and that although the qualifying clause was found neither in the *habendum* nor the premises, but in the "note," yet it did not lose its effect, and divided the fee into a particular estate and remainder.

It is said by Mr. Washburn that, "The term remainder, it should be observed, is not one of art, which it is necessary to employ in creating an estate in expectancy, such as has been described. Any form of expression indicating the intention of the grantor or devisor to do this would be suffi-

cient." 2 Washburn, Real Property (5th ed.), chap. 4, §1, p. 593.   Citing 2 Cruise Dig., 203.

In *Borgner* v. *Brown,* 133 Ind. 391, and *Doren* v. *Gillum,* 136 Ind. 134, the words "go" and "go to" were held to evince the intention of the person using them that an estate should thereby pass.   See, also, *Chambers* v. *Chambers,* 139 Ind. 111, 120. . The deed is to be construed as if Cynthia F. Lankford had executed it as one of the parties to it.   The agreement signed and acknowledged by her is in legal effect a part of the deed.   By her written and formal acceptance of its conditions, she became bound precisely as she would have been if named in the premises, and as if she had subscribed the instrument as one of the parties to it.   The conditions upon which the deed was executed by the other parties, set forth in the instrument, became binding upon her, and operated to convey to the grantors the estate which the deed declared was "to go to and belong to them."

It is held in *Leach* v. *Rains,* 149 Ind. 152, that by the mere acceptance of a deed containing conditions, and taking possession of the real estate conveyed by it, the grantee is bound by those conditions, even when they operate to release his interest in other real estat

The recital in the deed that at the death of Cynthia F. Lankford, the real estate described should go and belong to the heirs at law of Thomas Lankford and Cynthia F. Lankford, "according to the laws of descent," has no other effect than to indicate the proportions in which the grantees should take and hold the property; and by the "heirs of Thomas and Cynthia" must be understood the children of these persons. *Fountain County Coal, etc., Co.* v. *Beckleheimer,* 102 Ind. 76, 78, 52 Am. Rep. 645; *Stevens* v. *Flannagan,* 131 Ind. 122, 127; *Hadlock* v. *Gray,* 104 Ind. 596; *Granger* v. *Granger,* 147 Ind. 95, 36 L. R. A. 186, 190.

It appears from the petition, the deed, and the special findings that the land described in the deed belonged to

Thomas Lankford, and that on his death, which occurred May 11, 1883, the same descended one-third to his widow, Cynthia F., and the remaining two-thirds to his children. Less than one month after the death of Thomas all of his children, together with his widow, joined in the execution of the deed before us. The consideration upon which the children executed it was that their mother would not in any way, directly or indirectly, encumber the real estate, or suffer the same to be encumbered or conveyed; that she would pay all taxes thereon accrued, or thereafter to accrue; that she would pay all the indebtedness of her said husband, and that, at her death, all of said real estate should go and belong to the heirs at law of the said Thomas and Cynthia. The latter, by a writing which was a part of the deed, and which was duly acknowledged by her, accepted the same, and agreed to be bound by its conditions. The expressed object of the deed was to permit the widow to enjoy the possession and benefit of the said real estate during her natural life, and to secure the remainder to the children of Thomas and Cynthia. In pursuance of the terms of the deed, the widow took possession of the entire tract, and enjoyed the possession and benefits thereof for the entire term of her life,—a period of more than sixteen years. She died July 11, 1899. It does not appear that she had violated any of the conditions of the deed by a failure to pay the taxes on the land and the debts of her husband, or by encumbering or conveying her estate for life by mortgage, judgment, or other lien, or by any lease or conveyance of the same. The deed was placed upon record, and several conveyances of the interests in remainder were made by the children, and these, too, were duly recorded.

The words of the instrument and the conduct of the parties leave no room for doubt as to their intention that the deed should operate as a conveyance to their mother for her life of the two-thirds held by the children, and that it

should operate equally as a conveyance to them of her one-third, subject to an estate for her own life therein. Such being the plain intention of the parties, and this intention having been acted upon by them for so many years, no inflexible rule of construction compels us to defeat the objects of the deed by holding inoperative that part which is most material to the children and grantors of the life estate in the undivided two-thirds. The mother received and had the benefit of every provision in her favor. As far as it was possible for her to do so, she seems to have performed every covenant in favor of her children. On her death, the law executed the remaining condition, and her grantees, as remainder-men, became vested with the right to the possession as well as the fee.

The court, therefore, erred in its conclusions of law, and for these errors the judgment is reversed, with instructions to restate the conclusions of law, and to render judgment for the appellants.