## Miller *v.* Harland et al.

[No. 10,753. Filed March 18, 1921. Rehearing denied May 18, 1921. Transfer denied March 17, 1922.]

1. DEEDS.—*Construction.*—*Disregarding Words Used.*—In construing deeds words deliberately inserted are not to be lightly considered or arbitrarily set aside. p. 60.

2. DEEDS.—*Construction.*—*Intention of Parties.*—In construing a deed effect should, if possible, be given to each and every part thereof. p. 60.

3. DEEDS.—*Construction.*—*Conveyance to Married Woman During Life with Remainder to Husband's "Heirs."*—Where grantor conveyed realty to his stepmother for life with the remainder to the "heirs" of his father, who was then living, the conveyance of the remainder will not be set aside on the ground that there are no heirs of a person living, but the word "heirs" will be construed to mean children, so that a vested remainder was given to the children living, subject to being reopened in the event of afterborn children. p. 60.

4. REMAINDERS.—*Validity.*—*Conveyance of Life Estate.*—*Remainder to Heirs of Living Person.*—*Statutes.*—Where grantor conveyed realty to his stepmother for life with the remainder to the heirs of his father, who was then living, the remainder, if construed as contingent, and the word "heirs" accepted in

its technical sense, is valid under §3995 Burns 1914, §2959 R. S. 1881, where the father predeceased the life tenant. p. 61.

From Clinton Circuit Court; *Benjamin F. Carr,* Special Judge.

Action by Delilah E. Harland and others against George W. Miller. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*O. E. Brumbaugh, Ira M. Sharp, John W. Strawn* and *Charles D. O'Rear,* for appellant.

*Thomas M. Ryan* and *William Robison,* for appellees.

NICHOLS, J.—Complaint by appellees for partition of real estate. Cross-complaint by appellant to quiet title to the same real estate.

The question presented for our consideration is whether the court erred in its conclusions of law upon findings of fact which, so far as concerns this appeal, are in substance as follows: On August 4, 1879, the appellant was the owner in fee-simple and in possession of certain real estate in Clinton county, Indiana. On August 4, 1879, the said appellant, his wife, joining therein, executed their certain warranty deed of conveyance of said real estate *to Sarah A. Miller, during her life and at her death said real estate shall go to heirs of George Miller, Senior, of Clinton county, in the State of Indiana.* That upon the decease of said Sarah A. Miller, appellant took possession of all of the said real estate and hitherto ever since has held the sole and exclusive possession thereof under claim that he was the owner in fee-simple thereof, under the terms of said deed, and yet so holds said real estate and hitherto, ever since the date of the death of said Sarah A. Miller, has excluded each and all of appellees from any of the rents, profits and income; and that he has, during all of said

time, and yet is appropriating all of said rents, profits and income to his exclusive use. That said George Miller, Sr. named in said deed of conveyance above set forth, was in life at the time of the execution of the deed above set out, and then had the following named living children, viz.: Delilah E. Harland, Thomas J. Miller, James H. Miller, Rosa A. Ostler, Judson Miller, and appellant, grantor in said deed of conveyance. That said George Miller, Sr. at the time of the execution of said deed had no other living children, nor was there then living the descendants of any deceased child or children, of said George Miller, Sr. That said George Miller, Sr. named in said deed, departed this life on the ...... day of ............, 1883, leaving surviving him as his heirs, his widow, the said Sarah A. Miller, named in said deed, and the following named children, viz.: Delilah E. Harland, whose husband is Amos H. Harland, Thomas J. Miller, James H. Miller, Rosa A. Ostler, whose husband was Thomas W. Ostler, George W. Miller, appellant and Judson Miller. That said decedent left him surviving no child other than those above named and left him surviving no descendant of any deceased child. That said Delilah E. Harland, Thomas J. Miller, James H. Miller, Rosa A. Ostler and George W. Miller, were children of said George Miller, Sr. by a marriage prior to his marriage to said Sarah A. Miller, and that said Judson Miller is a son of said George Miller, Sr. and said Sarah A. Miller. That after the death of said George Miller, Sr. the said Sarah A. Miller named in said deed of conveyance, intermarried with one Jacob M. Thatcher, and thereafter, on the ...... day of August, 1918, departed this life intestate, leaving her surviving as her sole and only heirs at law said Judson Miller, and children by her second marriage who, the trial court rightly concludes, have no interest

in the real estate involved. The children of George Miller, Sr., or their heirs or grantees, are all made parties adverse to appellant. The court concluded that the law is with appellees, said children of George Miller, Sr. their heirs or grantees, and against appellant, and entered judgment accordingly.

It is contended by appellant that by his deed of August 4, 1879, a life estate was conveyed to Sarah A. Miller, but that the clause "at her death said real estate shall go to the heirs of George Miller, Sr." was not operative to convey the remainder interest in said land, and that therefore, the fee-simple of said real estate never passed out of appellant, and that he is now the owner thereof. On the other hand it is contended by appellees that said clause was sufficient to convey the remainder interest in the real estate in question, and that the words "Heirs of George Miller, Sr." who was then living, should be construed to mean "heirs apparent or children of George Miller, Sr.," and that the children of said George Miller, Sr. living at the time of the execution of the deed became vested with the remainder which opened up only at the birth of Judson Miller, if not born until thereafter, (the briefs as to the date of his birth being uncertain) to permit him to take an equal share with the other five children of said George Miller, Sr. who were living at the time of the execution of the deed; or if the words "heirs of George Miller, Sr." are to be construed in their technical sense, then the remainder of said estate was a contingent remainder contingent upon the death of said George Miller, Sr. before the death of said Sarah A. Miller, when it vested in the heirs of George Miller, Sr. then living.

If we adopt the interpretation of the deed which appellant would have us adopt, we have then made without

force the clause in controversy, and as it seems
1. to us we are thereby imputing to appellant the
use of words in his deed which at the time he
knew had no meaning. To adopt such a construction
is equivalent, as we view it, to saying that appellant
used these words deliberately for the purpose of mis-
leading some one. This, we are not disposed to do.
Words deliberately put into a deed are not to be lightly
considered or arbitrarily set aside. *Fountain County,
etc., Co.* v. *Beckleheimer* (1885), 102 Ind. 76, 1 N. E.
202, 52 Am. Rep. 645; *Adams* v. *Merrill* (1908), 45 Ind.
App. 315, 85 N. E. 114, 87 N. E. 36; *Evans* v. *Dun-
lap* (1905), 36 Ind. App. 198, 75 N. E. 297; *Goodpaster*
v. *Leathers* (1890), 123 Ind. 121, 23 N. E. 1090; *Doren*
v. *Gillum* (1894), 136 Ind. 134, 35 N. E. 1101.

It is the duty of the court to seek the sense of the
language employed as the parties intended to apply it,
in accordance with their intent, if such is not
2. opposed to established principles of law, and in
construing the instrument the court should, if
possible, give effect to each and every part thereof.
*Adams* v. *Merrill, supra; Adams* v. *Alexander* (1902),
159 Ind. 175, 64 N. E. 597.

We are not unmindful of the technical meaning of
the word "heirs," nor the fact that there are author-
ities which lend support to the doctrine that a
3. conveyance of land describing the grantees as
the heirs of a person then living is ineffective,
but there are many authorities which have construed
the word "heirs" as meaning "children" and we think
the instant case is one that comes within the scope of
such authorities. As we read this case the plain in-
tention of appellant was to convey the real estate
involved to his stepmother for life with a vested remain-
der to himself and his brothers and sisters. We have
many authorities that have construed the word "heirs"

to mean "children" when the context and surrounding circumstances justify such a construction. *Tinder* v. *Tinder* (1892), 131 Ind. 381, 30 N. E. 1077; *Griffin* v. *Ulen* (1894), 139 Ind. 565, 39 N. E. 254; *Granger* v. *Granger* (1896), 147 Ind. 95, 44 N. E. 189; *Moore* v. *Gary* (1897), 149 Ind. 51, 48 N. E. 630; *Stevens* v. *Flannagan* (1892), 131 Ind. 122, 30 N. E. 898; *Conger* v. *Lowe* (1890), 124 Ind. 368, 24 N. E. 889; *Fountain County, etc., Co.* v. *Beckleheimer, supra; Hadlock* v. *Gray* (1886), 104 Ind. 596, 4 N. E. 167; *Adams* v. *Alexander, supra.*

But if we were to hold that the conveyance by appellant was an attempt to create a contingent remainder we do not see how appellant can be helped. Such 4. an estate is expressly provided for by statute, §3995 Burns 1914, §2959 R. S. 1881. The remainder is contingent if the person entitled thereto is uncertain, or not in being, or subject to some condition precedent. Upon the birth of the person entitled thereto, or upon the happening of the condition the remainder becomes a vested remainder. In this case, construing the word "heirs" in its technical sense, had Sarah A. Miller died before her husband George Miller, Sr. there would have been no one to take the estate at the death of the said Sarah A. Miller, and the same would therefore have reverted to the grantor. But George Miller, Sr. died first, and his heirs therefore were in existence at the termination of the life estate, and at his death the remainder theretofore contingent became a vested estate in his heirs, and there was nothing to revert to appellant.

Judgment is affirmed.