JOSEPH B. BURROUGHS *vs.* PHILIP CLARKE, E. B. ABELL AND JOHN GREENWELL.—*December* 1845.

It is a departure in pleading, where after a defendant has pleaded performance of the condition of a bond generally, and the plaintiff has replied a breach of the condition, for the defendant to rejoin the insolvency of the plaintiff, and transfer of his right of action to a trustee.

Departure in pleading, may be taken advantage of by general demurrer.

APPEAL from *St. Mary's* county court.

This was an action of *debt*, brought on the 17th August 1840, by the appellant against the appellees. The plaintiff declared on a bond, executed 2nd May 1838, with condition, that *Philip Clarke* do, and shall prosecute, with effect, the writ of replevin recited in the bond, against the appellant, and shall well and truly return, &c., and pay and satisfy all damages. The defendants below, pleaded general performance, and the plaintiff

replied, that *P. C.* did not prosecute the replevin with effect, to his, the plaintiff's damage.

To this the defendants rejoined, that *Joseph*, the appellant, had petitioned for the benefit of the insolvent laws, and that *Philip Clarke* had been, in due form of law, appointed his trustee, and entitled to sue for and recover all his interests, of whatever nature, at and before the time of the institution of this suit, &c.

To this the plaintiff demurred, and the county court rendered judgment on the demurrer, for the defendants. The plaintiff appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, MAGRUDER and MARTIN, J.

By CRAIN for the appellant.

(No counsel appeared for the appellees.)

MAGRUDER, J., delivered the opinion of this court.

To an action upon a replevin bond, given by the first named defendant, as principal, and the other two defendants, as his securities, performance was pleaded in this suit. The replication is, that the defendant, *Clarke*, did not prosecute his writ with effect; thereupon the defendants rejoin, that the appellant was a petitioner for the benefit of the insolvent laws, and the first named defendant was appointed his trustee, and was entitled to sue for and recover all his interests of whatever nature, at and before the time of the institution of this suit. To this the plaintiff demurred, and the court overruled the de-demurrer.

It would, perhaps, be difficult to maintain, that the matter set forth in the rejoinder, and as it is set forth, constitutes a defence to this action. But of this it is unnecessary for us to speak. Even if, when pleaded properly, it was a bar to the action, still this rejoinder is a departure from, or relinquishment of his first plea, and a defendant is not permitted to depart from one defence which he has first made, in order to have recourse to another. If departures in pleading were to be allowed, it has been justly said, "he who has a bad cause would never

be brought to issue, and he who has a good one, would never obtain the end of his suit." For this reason, if there were no other, the demurrer ought to have been sustained. It is well settled, that a departure in pleading is matter and substance, and need not be specially demurred to. See *Archbold* on pleading, 283.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.