Cates *v.* Cates *et al.*

Filed Oct. 10, 1893.

———————◆———————

No. 16,237.

CATES *v.* CATES ET AL.

DEED.—*Exception Leaving Life Estate in Grantor.*—*Postponement of Grantee's Enjoyment.*—Where the granting clause of a deed is without ambiguity, limitation, exception, or reservation, but immediately following the description is an exception in these words: "The grantor, Prior Cates, hereby expressly excepts and reserves from this grant all the estate in said lands, and the use and occupation, rents and proceeds thereof unto himself during his natural life," such instrument must be construed as conveying a present interest, the enjoyment of which is postponed until after the grantor's death.

From the Fountain Circuit Court.

*J. A. Lindley* and *O. P. Lewis,* for appellant.

*H. H. Dochterman, V. E. Livengood* and *D. W. Simms,* for appellees.

HACKNEY, J.—The appellant and her husband, Prior Cates, on the 9th day of May, 1876, executed to the appellees a general deed of warranty, in the statutory form, and describing the lands of which the appellant now seeks partition in her right as the widow of said Prior Cates.

Said deed, in the premises or granting clause, is without ambiguity, limitation, exception or reservation, but immediately following the description is an exception and a reservation in these words: "The grantor, Prior

Cates, hereby expressly excepts and reserves from this grant all the estate in said lands, and the use and occupation, rents and proceeds thereof unto himself during his natural life.''

The appellant's contention is that the deed conveyed no interest which became vested upon the execution thereof, but that the exception of ''all the estate in said lands,'' during the life of the grantor, not only postponed the enjoyment of possession, but denied to the grantees all property rights in said lands until after the death of the grantor, thereby giving the grant a testamentary character.

It is further insisted, by the appellant, that the deed, being of a testamentary character and not having been attested and probated as required by the statutes of wills, is of no validity.

On behalf of the appellees, it is urged that the exception only carves out of the fee granted by the premises a life estate; but that if the phrase, ''all the estate in said lands,'' shall be held to comprehend the fee simple interest embraced in the granting clause, then such exception of the fee is void for repugnancy to the grant, and must fall.

By sustaining the appellees' demurrer to the appellant's complaint, the lower court accepted the theory of the appellees, and that ruling is before this court for review.

By section 2927, R. S. 1881, the instrument in question, omitting the exception, is made a conveyance in fee simple, and it is conceded that the reservation of a life estate in the grantor is not subject to the charge of repugnancy to the grant in fee. Omitting from consideration the exception, but considering the reservation, we have a present estate in the grantees, the enjoyment

of which is to commence *in futuro*. Such a conveyance is valid under section 2959, R. S. 1881. *Spencer* v. *Robbins*, 106 Ind. 580.

It remains to consider the effect of the exception of "all the estate in said lands." Does the phrase, when considered with relation to all parts of the instrument, bespeak a purpose to make a testamentary provision? The intention of a grantor must be the lamp unto our feet through all the dark paths of the construction of deeds.

The instrument is, in form, a deed in which husband and wife join, and which is properly acknowledged before an authorized officer. Granting, by the terms "convey" and "warrant," with their legal significance to bestow a present estate, and defend the title thereto, we discover no design or purpose to make a testamentary provision. On the contrary, they evince, in the clearest and most explicit manner known to the forms of conveyancing, an intention to convey, and not to devise.

The instrument was delivered and entered of record in the proper recorder's office more than ten years before the grantor's death, acts not performed with relation to wills.

The position of the appellant is that all of these evidences of an intention to convey an interest *in præsenti* are defeated, and that testamentary character is given to the instrument by the exception of "all the estate in said lands" during the lifetime of the grantor.

The intention to reserve a life estate is so clearly manifested by the words reserving "the use and occupation, rents and proceeds thereof unto himself during his natural life," that it is difficult to believe that it was the intention to confer no interest upon the appellees until after his death. It is more difficult to believe that it was the grantor's intention to expressly withhold the fee

from the grantees until after his death, for to have done so by the exception would have rendered the reservation of the "use and occupation, rents and proceeds" an idle ceremony. To have reserved the fee and the life estate is to assume that both estates may be held by one and the same person, and we can not indulge the contention that such a design existed when the law permits no such end.

Some effective object must be presumed to have been intended by the grantor, and not that the solemn form of a deed was adopted to create a nullity, such as this instrument must be if it possesses a testamentary character. But the deed, in both the grant and exception, should be construed most favorably to the grantee. *Darling* v. *Crowell, supra; Green Bay, etc., Co.* v. *Hewett,* 55 Wis. 96.

There are numerous cases where the deeds under construction contained a condition in all respects the equivalent of that in question in this case, and where it was held that they were not testamentary, but that they conveyed a fee *in præsenti*, with the use for life reserved to the grantors, and that the effect of the condition was only to postpone the enjoyment of possession by the grantees until after the death of the grantors.

In the case of *White* v. *Hopkins*, 4 S. E. Rep. 863, the deed contained this condition: "And the title to the above described tract of land to still remain in the said Lemuel Hopkins for and during his lifetime, and at his death to immediately vest in the said Lewis Hopkins."

The Supreme Court of Georgia said: "This, in our opinion, conveys an absolute title from the grantor to the grantee. It conveys a present interest in the land, and takes effect immediately. After it was executed, it was irrevocable by the grantor." As supporting this conclusion, the court cites the following cases: *Cumming*

v. *Cumming*, 3 Kelly, 460; *Spaulding* v. *Grigg*, 4 Ga. 75; *Robinson* v. *Schly*, 6 Ga. 515; *Taylor* v. *Sutton*, 15 Ga. 103; *Moye* v. *Kittrell*, 29 Ga. 677; *Bunn* v. *Bunn*, 22 Ga. 472; *Watson* v. *Watson*, 22 Ga. 460; *Meek* v. *Holton*, 22 Ga. 491; *Johnson* v. *Hines*, 31 Ga. 720.

In the last case, the grant was "to have and to hold after my death, the aforesaid property." See, also, *McGlown* v. *McGlown*, 17 Ga. 234, and *Jones* v. *Morgan*, 13 Ga. 515.

In *Graves* v. *Atwood*, 52 Conn. 512, the condition was as follows: "The condition of this deed is such that I hereby reserve all my right, title and interest in the aforesaid described pieces of land, with all the buildings thereon standing, during my natural life." The court said: "The condition, read in the light of the grant, is to be interpreted as the reservation of the same measure of use thereafter as tenants for life, as he had theretofore enjoyed as owner."

In *Webster* v. *Webster*, 33 N. H. 18, the condition was "reserving all the right, title, and interest in and unto the above named land and buildings for and during my natural life."

In *Bunch* v. *Nicks*, 7 S. W. Rep. 563, the condition was that "the deed shall go into full force and effect at my death."

In *Wyman* v. *Brown*, 50 Me. 139, the condition was in these words: "This deed or conveyance not to take effect during my lifetime, and to take effect and be in force from and after my decease."

In *Shackelton* v. *Sibree*, 86 Ill. 616, the condition was: "This deed not to take effect until after my decease—not to be recorded until after my decease."

In *Wall* v. *Wall*, 30 Miss. 91, where right of revocation was reserved, to be exercised at any time during life, and conditioned that possession should not pass un-

Cates *v.* Cates *et al.*

til after the grantor's death, it was held to convey a present estate, and that the intention was evident that the instrument should operate as a deed, and not as a will. See, also, *Abbott* v. *Holway*, 72 Me. 298; *Chancellor* v. *Windham*, 1 Rich. Law (S. C.), 161.

In *Owen* v. *Williams*, 114 Ind. 179, the instrument was in form a deed, and, in the granting clause, did "convey and warrant to Thomas Jefferson Williams, after my decease, and not before." The phrase "after my decease, and not before," it was held, did not make the deed testamentary in its character, but operated to show that the grantee's use and enjoyment of the lands conveyed would not begin, under such deed, until after the grantor's death, and not before.

Neither from reason nor authority can we conclude that the intention of the grantor, in the deed before us, was to make testamentary provision, and not to convey a present estate, the enjoyment of which is postponed until after the grantor's death.

The exception in *Spencer* v. *Robbins*, *supra*, was that the land was "to be equally divided between them (the grantees) at my decease * * * and then the title to vest in them absolutely." The court held that the instrument was a deed, and not a testamentary provision; that it vested a present estate in fee simple, possibly reserving a life estate.

In the opinion are cited the cases of *Turner* v. *Scott*, 51 Pa. St. 126, and *Leaver* v. *Gauss*, 62 Ia. 314, which seem to be in conflict with the numerous cases we cite in this opinion, but they did not control that case, and the court said: "The rule is that unless an instrument, which has been fully executed, from every point of view seems to be a nullity, it will not be intended that the parties meant that it should be invalid, and some effect will, if possible, be given it."

This rule is equally applicable in the case before us, and we conclude that the grantor could not have meant to create a nullity, and that, from a reasonable point of view, it was intended to convey the fee, as the effect of the granting clause does, from which was reserved a life estate.

This view renders it unnecessary to determine the effect of conflict between the grant and the exception, though we have no doubt that where a repugnancy exists the exception is void. *Green Bay, etc., v. Hewett, supra,* 42 Am. Rep. 701; *Graves v. Atwood, supra; Farquharson v. Eichelberger,* 15 Md. 63; *Darling v. Crowell,* 6 N. H. 421; 2 Devlin on Deeds, section 979, and cases there cited.

The judgment of the circuit court is affirmed.

