KELLEY, GUARDIAN, ET AL. *v.* SHIMER, ADMINISTRATOR.

[No. 18,726.   Filed March 14, 1899.]

DEED.—*Recital Reserving Life Estate.—Construction.*—A conveyance in the ordinary form, except a recital that the "deed is to take effect and be in full force on and after the death of this grantor," is a deed, and is not testamentary in character. The only effect of the recital being to reserve a life estate to the grantor, and thus postpone the possession of the grantee until after the death of the grantor.

From the Marion Circuit Court.   *Affirmed.*

*Masson & Reagan,* for appellants.

*Ayres & Jones,* for appellee.

MONKS, C. J.—Appellee, as the administrator of the estate of Eliza J. Clements, deceased, filed his petition against appellants, and obtained an order to sell certain real estate to make assets for the payment of claims allowed against said estate.

It appears from the record that in May, 1886, Eliza Cossell executed to her daughter Eliza Jane Clements an instrument in writing which was in the ordinary form of a warranty deed, except that after the regular granting words and the description of the land, it read as follows: "This deed is to take effect and be in full force on and after the death of this grantor, Eliza Cossell. This deed, grant, and conveyance is made to the grantee, to have and to hold the same during her natural life; and after the death of the grantee, Eliza Jane Clements, then the above described real estate shall be the absolute property of the heirs of the body of Eliza Jane Clements grantee herein." Said written instrument was in the year 1886 recorded in the deed records of

Marion county, Indiana.  Said Eliza Jane Clements died intestate in the year 1894, leaving as her only heirs appellants Minter Clements, her husband, and Anna J. Clements and Bessie M. Clements her children.  Afterwards, in 1897, said Eliza Cossell died intestate, leaving as her only heirs said Anna J. Clements and Bessie M. Clements.  Appellants insist that, "while the instrument in question is in form a deed, it is in fact an attempted testamentary disposition of the grantor's land, and not being executed with the requisites of a will, passed no title to Eliza Jane Clements, appellees intestate, but said real estate, on the death of Eliza Cossell was inherited by said Anna J. and Bessie M. Clements, her grandchildren."  It is conceded by appellants, however, that if said instrument is a deed, the land described therein is a part of the estate of Eliza Jane Clements, and that the court correctly ordered the sale of said land on the petition of appellee.

The rule is that "an instrument having all the formalities of a deed will be construed to operate as a deed, wherever it appears therefrom that it was the intent of the maker to convey any interest whatever to vest upon the execution of the paper.  If, however, it appears that all the estate which it was the purpose to convey was reserved to the grantor during his life, and that the deed was only to take effect upon the death of the grantor, it will be construed to be testamentary in its character."  *Spencer* v. *Robbins,* 106 Ind. 580, 584; *Wall* v. *Wall,* 30 Miss. 91, 64 Am. Dec. 147; *Leaver* v. *Gauss,* 62 Iowa 314, 19 Cent. L. J. 46.  The instrument in question embodies all the requisites of a statutory deed, as provided by section 3346 Burns 1894, section 2927 Horner 1897, and clearly vested in the grantee an estate in fee simple, unless the recitals following the description of the real estate have a contrary effect.  The general rule laid down by the authorities is that a declaration that the deed shall not go into effect until the death of the grantor does not give it a testamentary character.  Jones' Law of Real Prop. in Con-

veyancing, section 527, and cases cited in notes. The cases decided by this court hold that recitals in deeds substantially the same as those in this case did not render such instruments testamentary in character, but that they conveyed an estate in fee simple when the instruments were executed, and that the only effect of such recitals was to reserve a life estate to the grantor, and thus postpone the possession of the grantee until after the death of the grantor. *Cates* v. *Cates*, 135 Ind. 272, 275, 276; *Wilson* v. *Carrico*, 140 Ind. 533, 49 Am. St. 213, and note, pages 219-221; *Owen* v. *Williams*, 114 Ind. 179; *Spencer* v. *Robbins, supra.* The same rule is declared in the following cases: *White, Adm.,* v. *Hopkins*, 80 Ga. 154, 4 S. E. 863; *Seals* v. *Pierce*, 83 Ga. 787, 10 S. E. 589, 20 Am. St. 344; *Johnson* v. *Hines*, 31 Ga. 720; *Bunch* v. *Nicks*, 50 Ark. 367, 7 S. W. 563; *Shackelton* v. *Sebree*, 86 Ill. 616; *Wall* v. *Wall, supra; Wyman* v. *Brown,* 50 Me. 139; *Abbott* v. *Holway,* 72 Me. 298; *Chancellor* v. *Windham,* 1 Rich. (S. C.) 161, 42 Am. Dec. 411; *Phillips* v. *Lumber Co.,* 94 Ky. 445, 22 S. W. 652, 42 Am. St. 367, and note, p. 370; *Reynolds* v. *Towell* (Ky.), 11 S. W. 202; 2 Devlin on Deeds, section 855b; Jones Real Prop., sections 526, 527.

In *Owen* v. *Williams*, 114 Ind. 179, the language of the deed was that the grantors of the deed, naming them, "convey and warrant to" the grantee, naming him, "after my decease, and not before, the following real estate," describing it. The court said, at page 188: "The use of the phrase therein, 'after my decease, and not before', did not make the deed testamentary in character, but operated merely to show that the grantee's use and enjoyment of the lands conveyed would not begin, under such deed, until after the grantor's death, and not before. *Spencer* v. *Robbins*, 106 Ind. 580."

In *Cates* v. *Cates*, 135 Ind. 272, the deed contained this provision: "The grantor hereby expressly excepts and reserves from this grant all the estate in said lands, and the use and occupation, rents and proceeds, thereof, unto himself during his natural life."

In *Wilson* v. *Carrico*, 140 Ind. 533, the deed contained a provision "to be of none effect until after the death of the grantors, then to be in full force."

In *White* v. *Hopkins*, 80 Ga. 154, the deed contained this provision: "The title to the above described tract of land to still remain in said grantor for and during his lifetime, and at his death to immediately vest in the said " grantee.

In *Seals* v. *Pierce*, 83 Ga. 787, the provision was: "This deed is to go into effect after the death of said Nancy Copelan of the first part she claiming her right to hold the land so long as she lives and at her death then at her death all the franchises and right which she hold to be to the party of second part to be by her willed or conveyed as the party of the second part may elect."

In *Johnson* v. *Hines*, 31 Ga. 720, the grant was, "To have and to hold after my death the aforesaid property."

In *Bunch* v. *Nicks*, 50 Ark. 367, the provision was that "the deed shall go into full force and effect at my death."

In *Shackelton* v. *Sebree*, 86 Ill. 616, the provision was: "This deed not to take effect until after my decease; not to be recorded until after my decease."

In *Wall* v. *Wall*, 30 Miss. 91, the provision was: "The deed to take effect as far as regards the *handing over* of the property *at my death;* and I reserve the right *to revoke it* at any time during my life, by filing in the clerk's office a written revocation under my hand and seal; and I do hereby make known and declare, that the signing, sealing and delivery of this deed, and *placing the same amongst my papers*, is intended by me as *a delivery of said property at my death*, and *to take effect at that time.*"

In *Wyman* v. *Brown*, 50 Me. 139, the provision was: "This deed or conveyance not to take effect during my lifetime, and to take effect and be in force from and after my decease."

In *Abbott* v. *Holway*, 72 Me. 298, the deed contained a

provision that "this deed is not to take effect and operate as a conveyance until my decease."

In *Chancellor* v. *Windham*, 1 Rich. 161, the grantor gave, granted, and released to the grantee certain real estate "at my death to have and hold," etc.

In *Phillips* v. *Lumber Co.*, 94 Ky. 445, the deed recited that, "this deed is not to take effect" until the grantor's death, "he to have and keep possession of said farm during his life."

In *Reynolds* v. *Towell* (Ky.), 11 S. W. 202, it was provided in the deed that "this deed is not to take effect until after the death of myself and the death of my wife, Cynthia, and at her death this deed shall be in effect."

It is clear from an examination of the cases of *Spencer* v. *Robbins*, 106 Ind. 580, *Owen* v. *Williams*, 114 Ind. 179, *Cates* v. *Cates*, 135 Ind. 272, and *Wilson* v. *Carrico*, 140 Ind. 533, decided by this court, which are fully supported by cases decided by courts of last resort in other jurisdictions, above cited, that the provision that the "deed is to take effect and be in full force on and after the death of the grantor," only postponed the grantees right to possession until after the death of the grantor. It follows that the instrument in controversy was a deed. The judgment is therefore affirmed.