# SIMON E. PRITCHETT *vs.* J. H. BASCOM JACKSON.

### *Repugnant Clauses in Deed.*

Appeal from Circuit Court No. 2, of Baltimore City.

On October twenty-first, 1904, John C. McElwee, of Baltimore City, executed a deed of trust whereby he conveyed all of his property to J. H. Bascom Jackson upon certain trusts which need not all be mentioned.   The trustee accepted the trust and gave bond and upon his petition Circuit Court No. 2, of Baltimore City, assumed jurisdiction over the trusts.   Later on the trustee obtained leave to sell a portion of the

trust estate at private sale and thereafter he reported to the Court the sale which he had made. The purchaser filed objections to the ratification of the sale. Those objections were overruled and the sale was finally ratified and from the order of ratification this appeal was taken.

The objections which the purchaser filed were two: First, that the trustee has not power under the deed of trust to convey a good and marketable legal title to the property sold. Second, that the power given to the trustee under the deed of trust is vague and uncertain. As both of these objections are based upon the deed of trust, it will be necessary to turn to it for the purpose of ascertaining its scope and the extent of the powers vested in the trustee by its provisions.

By the deed the grantor conveyed and assigned all his property and estate, real, personal and mixed to the trustee, to have and to hold every part thereof in confidence and trust for certain specified uses and purposes, amongst which were these: "to sell, exchange, convey and in any manner to dispose of, charge or manage, subject to his discretion, any and all of the estate or property now belonging to" the grantor, "or which may come into his (the trustee's) hands under and by virtue of this deed, so that no purchaser shall be required to see to the application of the purchase-money; to make all necessary deeds, conveyances and transfers to carry out said powers, &c."

If the deed had contained no other clauses it is not suggested or supposed that the trustee would be without authority to sell and convey the property now involved in this proceeding; but the deed went on to provide in its concluding paragraphs which are not even parts of the *habendum or tenendum* but are wholly independent of both, that "I, the said John C. McElwee, do hereby * * * expressly reserve the right to dispose of, by last will and testament, all the property herein conveyed and all property which I may now have, or which I may hereafter have, or which may hereafter come into the hands of the said J. H. Bascon Jackson." "And this deed is not intended to affect any disposition of the property hereby conveyed which may have been made in any

will heretofore executed, or which may hereafter be executed by me, the said John C. McElwee."

It is obvious, at a glance, that the two clauses just above quoted are flatly in conflict with the statement with the antecedent parts of the deed. If they prevail they nullify the preceding grant completely. It is impossible for a provision which distinctly grants an estate in trust and clothes the trustee with plenary power to sell and convey the property granted to him, to harmonize with a subsequent clause which explicitly reserves to the grantor a right to devise and bequeath by will the same identical property. Nor can the grant made to the trustee be reconciled with the declaration that the deed was not intended to affect any disposition made of the same property by the grantor by some antecedent will, because if the will when it speaks is to control then the trustee 'though given ample power to sell and convey could confer no title if he did sell and did convey. The later provisions of the deed being irrreconcilable with both the premises and the *habendum*, which of those conflicting clauses are to govern and control? That is the only question in this case, and it is not a difficult one to answer.

For nearly three centuries the principle has been recognized that where there are two clauses in a deed repugnant to each other the first shall prevail, and the grantor shall not be allowed by any subsequent part of a deed to retract the gift made in the premises. *Baldwin's case*, 2 Rep. 23, as cited in *Winter* v. *Gorsuch et al.*, 51 Md. 183. To the same effect are *Budd* v. *Brooke*, 3 Gill, 196, and *Farquharson* v. *Eichelberger*, 15 Md. 63. If the *habendum* clause of a deed is not permitted to restrict or limit the estate granted by the premises, it is equally certain that the premises and *habendum* cannot be controlled by a still later clause which strictly and technically speaking should have no place in the deed at all. As it is the first of two inconsistent clauses of a deed which must prevail, just as it is the last of two inconsistent provisions of a will which must govern, it necessarily follows that the clauses which are relied on to restrict and qualify the grant to the trustee in the premises are inoperative and void. This being

so the deed vested title in the trustee and clothed him with power to sell and convey, and if the title to the premises pur-chased by the appellant is otherwise free from defects, the purchaser will acquire a good marketable legal title under a conveyance from the trustee. It must of course be under-stood that nothing said herein is intended to intimate that the grantor may not execute a will which does not conflict with the deed.

Opinion by McSHERRY, C. J., filed June 14th, 1906. *Ed-ward I. Clark* and *Joseph A. Clark*, for the appellant. *William M. Maloy*, for the appellee.