## TIMMONS ET AL. *v.* TIMMONS.

[No. 7,639. Filed December 5, 1911.]

1. DEEDS.—*Testamentary.*—A deed purporting to convey real estate but which postpones title and the enjoyment thereof until after the death of the grantor, is a testamentary instrument and is invalid as a deed; but a deed may lawfully convey the title and postpone the enjoyment. p. 23.

2. DEEDS.—*Life Estates.—Remainders.—Testamentary Dispositions.* —A deed by a mother and father reciting that the grantors, "retaining the rents and profits [of certain land] during the life of" such mother, "convey and warrant to the son of the above grantors" certain real estate, "reserving to [the mother] the rents

and profits and full control of the land during her natural life, and after the death of [the mother] the grantee * * * to pay" to the father, during his life, a certain sum annually, and to pay a certain mortgage, "and after the death of" the grantors "the land * * * to be the absolute property in fee simple" of such son, conveys a present interest to the son, and is not a testamentary instrument, the mere reservation of a life estate having no such effect. p. 24.

3. DEEDS.—*Construction.*—Deeds will be construed, if possible, so as to give them legal efficacy. p. 26.

From Fountain Circuit Court; *Isaac Schoonover,* Judge.

Suit by Levi T. Timmons against Jasper Timmons and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Valentine E. Livengood* and *Fry Bryant,* for appellants. *J. Wesley Whicker* and *Lucas Nebeker,* for appellee.

IBACH, J.—The sole question presented by this appeal is the construction of a certain instrument in the following words:

"This indenture witnesseth, that Keziah Ann Timmons and Levi Timmons, her husband, retaining the rents and profits during the life of Keziah Ann Timmons, in Fountain county, Indiana, convey and warrant to the son of the above grantors, Levi T. Timmons, of Fountain county, Indiana, for the sum of love and affection, and $2,000, the receipt of which is hereby acknowledged, the following real estate in Fountain county, Indiana, to wit: [Here follows description of real estate.] Reserving to Keziah Ann Timmons the rents and profits and full control of the land during her natural life, and after the death of Keziah Ann Timmons the grantee herein to pay to her husband, Levi Timmons, during the life of her said husband, the sum of $200 a year, no payment to be due to her said husband during the life of Keziah Ann Timmons, and assume and pay off a mortgage of $1,600 now on said land, as part of the $2,000 purchase price, and after the death of said Keziah Ann Timmons and Levi Timmons, her husband, the land before conveyed to be the absolute property in fee simple, without any further payment, of said son, Levi T. Timmons. In witness whereof, said Keziah Ann

Timmons and Levi Timmons, her husband, have hereunto set their hands and seals, this 10th day of September, A. D. 1901.

her

Keziah Ann X Timmons.

mark

Levi Timmons."

The instrument was properly acknowledged.

Levi T. Timmons, appellee, brought suit against appellants to quiet title to the land described in the foregoing instrument. Appellants filed a cross-complaint, in which they averred that they are the owners of the undivided one-sixth part each of the real estate described in the complaint, and prayed that the so-called deed of conveyance before set forth be set aside, for the reason that the instrument, while purporting to be a deed of conveyance, is, under its terms and conditions, testamentary in its character, and of no effect, and that their title be quieted to the undivided one-sixth part each in said real estate. There was a decree for appellee, quieting his title as prayed. The errors assigned arise on the sustaining of demurrers to appellants' cross-complaint and to their answer, which averred similar facts.

Both parties agree that if the instrument is testamentary, and conveys no interest until the death of the grantors, it is void; that if it conveyed at the time of its execution an interest in the land, subject to the life estate reserved, it is valid.

Practically all the authorities cited by appellants are to the effect that an instrument which purports to convey real estate, but which postpones title and enjoyment

1. until the death of the grantor, is a testamentary instrument and invalid as a deed. This may be safely conceded to them, and the principal question is, Does the instrument under consideration postpone title until death of the grantors? A deed may postpone enjoyment, while granting present title. However, it is appellants' contention

that the instrument under consideration gives title only after the death of the grantors, and that no interest passes to the grantee during the life of the grantor.

The general principles governing the construction of instruments similar to the present are well expressed in the following quotations from the case of *Stroup* v.

2.    *Stroup* (1895), 140 Ind. 179, 27 L. R. A. 523: " 'An instrument, having otherwise the formalities of a deed, will be construed to operate as a deed, whenever it appears therefrom that it was the intent of the maker to convey any estate or interest whatever, to vest upon the execution of the paper. If, however, it appears that all the estate which it was the purpose to convey was reserved to the grantor during his life, and the deed was only to take effect upon the death of the grantor, it will be construed to be testamentary in its character.' * * * The pivotal question is the intention of the grantor. If to postpone title and enjoyment until after his death, it is testamentary; if to confer title and postpone the enjoyment thereof, it is a deed."

The present instrument in the granting clause uses the ordinary words of conveyance of a fee-simple estate, "convey and warrant," and in the same clause expressly reserves a life estate in Keziah Ann Timmons. The reservation expressly of a life estate is inconsistent with the intention to reserve any other or any greater estate. *Expressio unius exclusio alterius est.* After the granting clause, the rents, profits and full control of the land are reserved to Keziah Ann Timmons during her life, but the use of the words "full control" adds nothing to the former reservation. The granting or reserving of a life estate imports full control by the life tenant while the estate endures. The mere reservation of a life estate in a deed does not make the instrument testamentary. *Stroup* v. *Stroup, supra; Gates* v. *Gates* (1893), 135 Ind. 272; *Spencer* v. *Robbins* (1886), 106 Ind. 580; *Wilson* v. *Carrico* (1895), 140 Ind. 533, 49 Am. St.

213; *Kelley* v. *Shimer* (1899), 152 Ind. 290; *Adams* v. *Alexander* (1902), 159 Ind. 175.

In the case of *Cates* v. *Cates, supra*, a deed in which the grantor reserved "all the estate in said lands, and the use and occupation, rents and proceeds thereof unto himself during his natural life," was held to convey a present interest, postponing enjoyment until the death of the life tenant. In the case of *Owens* v. *Williams* (1888), 114 Ind. 179, the grantor in the granting clause "conveys and warrants" to the grantee "after my decease and not before, the following real estate," and it was held that this did not make the deed testamentary in character.

The closing recital of the deed under consideration is that after the death of the grantors, "the land before conveyed is to be the absolute property in fee simple, without any further payment, of said son, Levi T. Timmons." This recital contains nothing implying that said land would not be the property in fee simple of the son at an earlier date than the death of the grantors, nor does it say that his title in fee simple shall not vest until that time. This clause relates to the time at which payments by the grantee shall cease, rather than to the time of vesting of the fee, and such recital does not diminish the effect of the clear words of present conveyance in the granting clause. In the case of *Spencer* v. *Robbins, supra*, the deed contained a recital "then [at the death of the grantor] the title to vest in them absolutely." This was held not to show an intent contrary to the vesting of a fee simple in the grantees. In the case of *Wilson* v. *Carrico, supra*, the deed which "conveys and warrants" the real estate, and then provides, "the above obligation to be of none effect until after the death of the grantors, then to be in full force," was held to convey a present interest, postponing enjoyment, and not to be void as a testamentary instrument.

The general principles governing the construction of instruments similar to the present have been so clearly an-

nounced in the cases cited that it is unnecessary here to do more than to refer to them. A deed will, if possible, be so construed that some effect will be given to it. *Davenport* v. *Gwilliams* (1892), 133 Ind. 142, 22 L. R. A. 244; *Adams* v. *Alexander, supra.* Following the guidance of the cases before cited, we feel certain that the grantors' intention was, and the legal effect of the instrument before us is, to reserve a life estate in the grantors, while passing the title to the grantee at the time of executing the deed, and that the deed is not void as being a testamentary instrument.

No error was committed in sustaining the demurrers to appellants' answer and cross-complaint, and the judgment is affirmed.